SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

--------------------------------------------------------X

BARBARA LEW,

                                                              Index #:

                              Plaintiff,

                                                        **SUMMONS**

            -against-

CVS PHARMACY, INC.,

                                           The basis of venue
                   Defendant,             is Plaintiff's residence:
                                           382 Altessa Boulevard
                                           Melville, New York 11747

--------------------------------------------------------X

To the above named Defendant(s):

        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to
serve a copy of your answer, or, if the complaint is not served with this summons, to
serve a notice of appearance, on the plaintiff's attorney within  20 days after the service of
this summons, exclusive of the day of service (or within 30 days after the service is
complete if the summons is not personally delivered to you within the State of New
York); and in case of your failure to appear or answer, judgment will be taken against
you by default for the relief demanded herein.

Dated:  East Meadow, New York
            August 4, 2021

                                           _____
                                           Rose M. Day, Esq.
                                           DAY & ASSOCIATES, P.C.
                                           1710 Hempstead Turnpike
                                           East Meadow, New York 11554
                                           (516) 466-1700

Notice:  The nature of this action is
            PERSONAL INJURIES

Case 2:21-cv-04772-KAM-ARL   Document 1-2   Filed 08/24/21   Page 2 of 10 PageID #: 8

TO:


CVS PHARMACY, INC.
c/o Secretary of State

Case 2:21-cv-04772-KAM-ARL   Document 1-2   Filed 08/24/21   Page 3 of 10 PageID #: 9

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------X
BARBARA LEW,

                     Plaintiff,

             -against-

CVS PHARMACY, INC.,

                    Defendant.

-------------------------------------------------------------X

        **VERIFIED COMPLAINT**

        Plaintiff, by her attorneys, DAY & ASSOCIATES, INC., as and for a

Verified Complaint herein, respectfully sets forth and alleges:

        1.      At all times hereinafter mentioned, plaintiff was and still is a

resident of the County of Suffolk and State of New York.

        2.      At all times hereinafter mentioned, defendant CVS PHARMACY,

INC. was and still is a domestic corporation duly organized and existing under and by

virtue of the laws of the State of New York.

        3.      At all times hereinafter mentioned, the defendant CVS PHARMACY,

INC., was and still is a foreign corporation duly licensed to do business in the State of

New York.

        4.      At all times hereinafter mentioned, the defendant CVS PHARMACY,

INC., was and still is a foreign corporation authorized to conduct business in the State of

New York.

5.    At all times hereinafter mentioned, the defendant CVS PHARMACY, INC. owned and/or leased certain premises located at 2 East Jericho Turnpike, Huntington, in the County of Suffolk and State of New York.

6.    At all times hereinafter mentioned, the defendant CVS PHARMACY, INC., its servants, agents and/or employees operated certain premises located at 2 East Jericho Turnpike, Huntington, in the County of Suffolk and State of New York

7.    At all times hereinafter mentioned, the defendant CVS PHARMACY, INC., its servants, agents and/or employees maintained certain premises located at 2 East Jericho Turnpike, Huntington, in the County of Suffolk and State of New York.

8.    At all times hereinafter mentioned, the defendant CVS PHARMACY, INC., its servants, agents and/or employees managed certain premises located at 2 East Jericho Turnpike, Huntington, in the County of Suffolk and State of New York.

9.    At all times hereinafter mentioned, the defendant CVS PHARMACY, INC., its servants, agents and/or employees controlled certain premises located at 2 East Jericho Turnpike, Huntington, in the County of Suffolk and State of New York.

10.    At all times hereinafter mentioned, it was the duty of the defendant CVS PHARMACY, INC., its servants, agents and/or employees to maintain certain premises located at 2 East Jericho Turnpike, Huntington, in the County of Suffolk and State of New York.

11.    At all times hereinafter mentioned, it was the duty of defendant CVS PHARMACY, INC., to maintain certain premises located at 2 East Jericho

Turnpike, Huntington, in the County of Suffolk and State of New York in a reasonably safe and suitable condition.

12.    On or about the 10th day of August, 2020, the plaintiff BARBARA LEW was lawfully present at the aforementioned premises.

13.    On or about the 10th day of August, 2020, while the plaintiff was lawfully walking upon the aforementioned premises located at 2 East Jericho Turnpike, Huntington, in the County of Suffolk and State of New York, the plaintiff was caused to sustain severe and grievous personal injuries due to the negligence of the defendant, its agents, servants and/or employees.

14.    On or about the 10th day of August, 2020, while plaintiff was lawfully present upon premises located at 2 East Jericho Turnpike, Huntington, in the County of Suffolk and State of New York, the defendant, its agents, servants and/or employees left a pallet of goods in the walkway area and failed to remove it or cordon off the area causing plaintiff to trip and fall over same as she lawfully traversed the premises.

15.    On or about the 10th day of August, 2020, plaintiff BARBARA LEW was caused to fall and to sustain serious and permanent injuries as a consequence of the presence of an unreasonably dangerous condition which was caused by the negligence of the defendant in the ownership, maintenance, operation, control and repair of the premises located at 2 East Jericho Turnpike, Huntington, in the County of Suffolk and State of New York.

16.    Plaintiff's accident and resulting injuries were caused solely by the

Case 2:21-cv-04772-KAM-ARL   Document 1-2   Filed 08/24/21   Page 6 of 10 PageID #: 12

carelessness and negligence of the defendant, its agents, servants, and/or employees
who failed to properly maintain the premises, created by a dangerous, defective,
encumbered, unsecured and unsafe condition by permitting and allowing
the defect to remain.

17.     The defendant was careless, negligent and reckless or acted in a
wrongful manner in that it failed to provide for the safety and well-being of those
individuals who travel at the aforesaid premises, specifically in allowing the dangerous,
defective, encumbered, unsecured and unsafe condition to become, and/or remain
defective, thereupon; in creating a trap, nuisance and hazard upon said premises; in
causing, allowing and permitting the defect to remain in said area; in failing to make
the necessary and required repairs to the said premises; in failing to post any notice or
warning of the said dangerous and unsafe condition, so as to constitute a nuisance, a
hazard and an unreasonably dangerous condition to those individuals who travel upon the
aforesaid dangerous, defective, encumbered, unsecured and unsafe condition.

18.     Plaintiff's accident and resulting injuries were caused solely by the
carelessness and negligence of the defendant, its agents, servants, and/or employees
who failed to properly operate the premises, failed to restrict the use of the aforesaid
premises; failed to warn of a defective condition present in the above mentioned
premises, all of which caused a dangerous and hazardous condition present in the
premises to result.

19.     The creation by the defendant, its agents, servants and/or

Case 2:21-cv-04772-KAM-ARL   Document 1-2   Filed 08/24/21   Page 7 of 10 PageID #: 13

employees of the aforesaid dangerous and defective condition was negligent, careless and in total disregard of the safety of individuals traveling on said area.

20.     The defendant, its agents, servants, and/or employees had actual and constructive notice of and created and maintained a public nuisance by unlawfully maintaining the dangerous and hazardous defective condition created by them in derogation of the right of the patrons to use the said premises free from harm and danger.

21.     At all times hereinafter mentioned, defendant, its agents, servants and/or employees had actual and constructive notice and was aware of the dangerous, defective and hazardous condition created by the defendant, its agents, servants and/or employees while acting within the scope of its authority, which authority had been granted to it by defendant CVS PHARMACY, INC., pursuant to an agreement entered into between the defendant CVS PHARMACY, INC. and its agents, servants and/or employees.

22.     The defendant was negligent in that while having actual and constructive notice of the aforesaid dangerous, defective and hazardous condition, prior to the aforementioned accident, the defendant failed to take the necessary corrective steps.

23.     The defendant had a duty to take adequate precaution and provide for the care and safety of the plaintiff.

24.     The defendant was negligent, careless and reckless in permitting for many days prior thereto the aforedescribed premises to exist in a dangerous condition.

Case 2:21-cv-04772-KAM-ARL  Document 1-2  Filed 08/24/21  Page 8 of 10 PageID #: 14

25.     The premises herein and the parts thereof constituted a public and private nuisance and a trap for the unaware and more particularly the plaintiff herein.

26.     By reason of the defendant's negligence, the plaintiff BARBARA LEW received injuries, suffered, and still suffers great bodily injuries, and will continue for some time to come to suffer great physical and mental pain, become sick, sore, lame and disabled and so remains, and upon information and belief was permanently injured.

27.     The accident and the injuries to plaintiff were caused by the negligence of the defendant.

28.     As a result of the aforesaid negligence, carelessness of the defendant, plaintiff BARBARA LEW suffered injuries in and about her person, was badly shaken up, received and sustained injuries to her right wrist, shoulder, upper back, neck  right breast and was otherwise injured, said injuries causing her to suffer severe shock to her entire nervous system, causing her to undergo much pain and suffering and causing her to be confined in a hospital and to her home thereby wholly unfitting her from the performance of her ordinary and usual duties.  Plaintiff BARBARA LEW is informed and verily believes that her injuries are permanent in nature.

29.     The foregoing accident and resulting injuries to the plaintiff BABARA LEW was caused solely by reason of the carelessness and negligence on the part of the defendant without any negligence on the part of the plaintiff contributing thereto.

30.     By reason of the foregoing, plaintiff BARBARA LEW has suffered

damages for serious and permanent injuries sustained by her, for pain and suffering

already endured and to be undergone in the future and for other non-economic

as well as for the economic losses she incurred amounting to a sum which exceeds the

jurisdictional limitations of all lower Courts which would otherwise have jurisdiction

over this action.

      WHEREFORE, plaintiff demands judgment against the defendants, as follows:

herein in an amount which exceeds the jurisdictional limitations of all lower Courts

which would otherwise have jurisdiction over this action on the Causes of Action alleged

herein, together with interest thereon from August 10, 2020 and the costs and

disbursements, and for such and further relief as to this Court may deem just and proper.

Rose M. Day, Esq.
DAY & ASSOCIATES, P.C.
1710 Hempstead Turnpike
East Meadow, New York 11554
(516) 466-1700

Case 2:21-cv-04772-KAM-ARL   Document 1-2   Filed 08/24/21   Page 10 of 10 PageID #: 16

# INDIVIDUAL VERIFICATION

STATE OF NEW YORK)
COUNTY OF SUFFOLK)

    I, BARBARA LEW , being duly sworn, deposes and says that deponent is the plaintiff in the within action; that deponent has read the foregoing complaint and knows the contents thereof; that the same is true to deponent's own knowledge, except as to matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

X _Barbara Lew_

Sworn to before me this
4th day of August 2021

_Stacey R Aaronson_
Notary Public

STACEY R. AARONSON
NOTARY PUBLIC - STATE OF NEW YORK
NO. 02AA6048376
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES SEPTEMBER 25, 20__